IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

| | | |
|---|---|---|
| IN RE : | ) | Chapter 11 |
| | ) | |
| **EBURY STREET CAPITAL, LLC,** *et al.*, | ) | Case No. 24- |
| | ) | |
| Debtors.[1] | ) | (Jointly Administered) |
| _____ | ) | |

**EXPEDITED MOTION FOR ORDER TRANSFERRING VENUE
FROM SOUTHERN DIVISION TO NORTHERN DIVISION
OF THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF ALABAMA**

Ebury Street Capital, LLC, et al (the "Debtors" or "Ebury"), moves the Bankruptcy Court, pursuant to Rule 1014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), to transfer venue of this case to the Northern Division of the United States Bankruptcy Court for the Middle District of Alabama, as follows:

**JURISDICTION AND NOTICE**

1. The Bankruptcy Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. § 157(b). Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The statutory predicate for the relief requested herein is Bankruptcy Rule 1014.

**BACKGROUND**

3. On May 13th, 2024 (the "Petition Date"), the Debtor and related entities ("Debtors") filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code, thereby commencing

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, if any, are: EB 1EMIALA (4788), Ebury Street Capital, LLC (7623), EB 2EMIALA, LLC (5175) Ebury Fund 1, LP (1403), Ebury Fund 2 (2178), LP, Red Clover 1, LLC (9780), Ebury RE, LLC (1397), Ebury 1EMI, LLC (4369), Ebury 2EMI, LLC (6849), EB 2EMIMD, LLC (2225), EB 1EMINJ, LLC (2006), EB 1 EMINY, LLC (4213), EB 2EMINY, LLC (3150), Ebury Fund 1 NJ, LLC (5126), RE 1EMI, LLC (2345), RE 2EMI, LLC (7945), Greater Flamingo, LLC (2030).

the instant case (the "Chapter 11 Case"). The Debtors continue to manage and operate their assets as debtor-in-possession under Bankruptcy Code §§ 1107 and 1108.

4. No trustee, examiner, or official committee has been appointed in the Chapter Cases.

5. The Debtors are a series of related and affiliated companies that primarily operate in the real estate business.

6. Ebury Street Capital, LLC is a holding company and ultimate parent of all the Debtor entities.

7. The Debtors have filed these chapter 11 cases in order to reorganize and streamline operations, prepare for a sale of assets, resolve multiple litigation matters and resolve the validity of pending claims.

8. The Debtors anticipate that they will engage professionals and accelerate their pre-bankruptcy marketing efforts to sell assets as part of a § 363 sale.

9. The Debtors expect that the resulting proceeds will be able to pay all administrative claims, secured and priority claims, as well as obtain a dividend for unsecured creditors.

## SUMMARY OF RELIEF REQUESTED

10. The Debtors request that the Bankruptcy Court transfer this case from the Southern Division of the Middle District of Alabama to the Northern Division of such district and set hearings in this case in Montgomery instead of Dothan, Alabama.

## THE DEBTORS' OPERATIONS

11. The Debtors are represented by attorneys of the Rumberger Kirk firm in Birmingham, Alabama.

12. Pursuant to Bankruptcy Rule 1014, if a petition is filed in the proper district, a court may transfer the case to any other district upon the motion of a party in interest if it determines that

Case 24-10499    Doc 9    Filed 05/14/24    Entered 05/14/24 09:47:21    Desc Main
Document      Page 2 of 7

transfer is in the interest of justice of for the convenience of the parties. In this instance, the Debtors are not asking the Bankruptcy Court to transfer this case to another district, only another division within the district.

13. The Debtor has a wide range of assets and creditors across multiple states and Puerto Rico. The undersigned strongly suggests that access to Montgomery for the various parties is easier and more convenient than Dothan.

14. Transferring this case from the Southern Division to the Northern Division and setting hearings in Montgomery instead of Dothan will make attending hearings more convenient and will minimize administrative expenses. Similarly, there are more hearing dates available in Montgomery each month than in Dothan, and moving proceedings to the Northern Division should enable the case to proceed more quickly.

**WHEREFORE, PREMISES CONSIDERED,** the Debtors respectfully request the Bankruptcy Court to enter an Order in substantially the form attached hereto as Exhibit A, transferring venue of this case from the Southern Division to the Northern Division of the United States Bankruptcy Court for the Middle District of Alabama, and the Debtors further requests such other relief as may be just.

Respectfully submitted this 13th day of May, 2024

/s/R. Scott Williams
R. Scott Williams
RUMBERGER, KIRK, & CALDWELL, P.C.
Renasant Place
2001 Park Place, Suite 1300
Birmingham, Alabama 35203
Telephone: 205.327.5550
Fax: 205.326.6786
E-mail: swilliams@rumberger.com
*Proposed Counsel for Debtors*
*Ebury Street Capital, LLC, et al*

## CERTIFICATE OF SERVICE

I hereby certify that on this 13th day of May, 2024, the foregoing was served by depositing same in the united States Mail, first class, postage prepaid on the Notice Parties as indicated on the list attached hereto.

/s/ *R. Scott Williams*
Of Counsel

**EXHIBIT A**
**PROPOSED ORDER**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

| | | |
|---|---|---|
| IN RE : | ) | Chapter 11 |
| | ) | |
| **EBURY STREET CAPITAL, LLC,** *et al.*, | ) | Case No. 24- |
| | ) | |
| Debtors.[2] | ) | (Jointly Administered) |
| _____ | ) | |

**ORDER TRANSFERRING VENUE FROM SOUTHERN DIVISION TO
NORTHERN DIVISION OF THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF ALABAMA**

Upon consideration of the Motion of Ebury Street Capital, LLC, et al (the "Debtors") for entry of an order, pursuant to Rule 1014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), transferring venue of this case to the Northern Division of the United States Bankruptcy Court for the Middle District of Alabama (the "Motion")[1]; and upon consideration of the pleadings of record, the arguments and representation of counsel; and it appearing that the relief requested in the Motion is necessary and appropriate under the circumstances; and it appearing that the Court has jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 157 and 1334; and it appearing that venue of the Chapter 11 Case is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409 and that this matter is a core proceeding pursuant to 28 U.S.C. § 157(b); and it appearing that adequate and proper notice of the Motion has been given and that no other or further notice need be given; and after due deliberation and sufficient cause appearing therefor, it is hereby ORDERED that:

1. The Motion is GRANTED, as set forth herein.

---

[2] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, if any, are: EB 1EMIALA (4788), Ebury Street Capital, LLC (7623), EB 2EMIALA, LLC (5175) Ebury Fund 1, LP (1403), Ebury Fund 2 (2178), LP, Red Clover 1, LLC (9780), Ebury RE, LLC (1397), Ebury 1EMI, LLC (4369), Ebury 2EMI, LLC (6849), EB 2EMIMD, LLC (2225), EB 1EMINJ, LLC (2006), EB 1 EMINY, LLC (4213), EB 2EMINY, LLC (3150), Ebury Fund 1 NJ, LLC (5126), RE 1EMI, LLC (2345), RE 2EMI, LLC (7945), Greater Flamingo, LLC (2030).

2. The above-captioned bankruptcy case is transferred from the Southern Division to the Northern Division of the United States Bankruptcy Court for the Middle District of Alabama.

3. Unless otherwise ordered, all proceedings and hearings in this bankruptcy case shall be held at the United States Bankruptcy Court, Middle District Northern Division of Alabama, One Church Street Montgomery, Alabama 36104.

4. The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

5. This Court shall retain jurisdiction over any and all matters arising from or related to the interpretation or implementation of this Order.

Dated: May \_\_\_\_ , 2024.

_____
UNITED STATES BANKRUPTCY JUDGE