# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE MIDDLE DISTRICT OF ALABAMA

| | | |
|---|---|---|
| IN RE : | ) | Chapter 11 |
| | ) | |
| **EBURY STREET CAPITAL, LLC,** *et al.*, | ) | Case No. 24- |
| | ) | |
| Debtors.[1] | ) | (Jointly Administered) |
| | ) | |

## MOTION OF DEBTORS PURSUANT TO 11 U.S.C. §§ 105(a) AND 363(b) FOR AUTHORIZATION TO PAY PRE-PETITION WAGES, COMPENSATION, AND EMPLOYEE BENEFITS

Ebury Street Capital, LLC and its debtor affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "Debtors") respectfully move the Court for entry of an order pursuant to 11 U.S.C. §§ 105(a) and 363(b) authorizing the Debtors to pay pre-petition wages, compensation and employee benefits (the "Motion"). In support of this Motion, Debtors represent the following:

### BACKGROUND

1. The Debtors are a series of related and affiliated companies that primarily operate in the real estate business.

2. Ebury Street Capital, LLC is a holding company and parent of all the Debtor entities.

3. The Debtors have filed these chapter 11 cases in order to reorganize and streamline

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, if any, are: EB 1EMIALA (4788), Ebury Street Capital, LLC (7623), EB 2EMIALA, LLC (5175) Ebury Fund 1, LP (1403), Ebury Fund 2 (2178), LP, Red Clover 1, LLC (9780), Ebury RE, LLC (1397), Ebury 1EMI, LLC (4369), Ebury 2EMI, LLC (6849), EB 2EMIMD, LLC (2225), EB 1EMINJ, LLC (2006), EB 1 EMINY, LLC (4213), EB 2EMINY, LLC (3150), Ebury Fund 1 NJ (5126), LLC, RE 1EMI, LLC (2345), RE 2EMI, LLC (7945), Greater Flamingo, LLC (2030).

operations, prepare for a sale of assets, resolve multiple litigation matters and resolve the validity of pending claims.

4. The Debtors anticipate that they will engage professionals and accelerate their prior marketing efforts to sell assets as part of a § 363 sale.

5. The Debtors expect that the resulting proceeds will be able to pay all administrative claims, secured and priority claims, as well as obtain a dividend for unsecured creditors.

## JURISDICTION AND NOTICE

6. The Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

7. Notice of this Motion has been provided to (1) the Office of the Bankruptcy Administrator for the United States Bankruptcy Court for the Middle District of Alabama; (2) the holders of the twenty (20) largest unsecured claims against the Debtors (on a consolidated basis); (3) the District Director of the Internal Revenue Service for the Middle District of Alabama; and (4) any secured creditors of record (the "Notice Parties"). Debtors submit that, in view of the facts and circumstances, such notice is sufficient and no other further notice need be provided.

## PRE-PETITION OBLIGATIONS

### Wages and Payroll Taxes

8. In the ordinary course of their business, Debtors collectively incur payroll obligations to approximately 5 employees for the performance of services in connection with their operations. These employees are collectively referred to as "Employees".

9. Prior to the Petition Date, Debtors paid their Employees on a staggered biweekly pay cycle. Debtors' average biweekly payroll for all Employees (including all payroll tax

2

Case 24-10499   Doc 12   Filed 05/14/24   Entered 05/14/24 09:52:53   Desc Main
Document      Page 2 of 13

obligations and unemployment taxes) is approximately $11,000, excluding outstanding payroll checks. Debtors issued paychecks to their Employees as approximately March 23, 2024. Thus, as of the Petition Date, Debtor estimates that its net outstanding pre-petition wage and salary obligations, including its outstanding payroll obligations (collectively, the "Wage and Salary Obligations") to its Employees aggregate approximately $22,000.00, and Debtor seeks to pay up to $25,000.00 through the procedures described herein.

### PAYMENT OF THE PRE-PETITION OBLIGATIONS IS WARRANTED

10. As a result of the commencement of Debtors' chapter 11 cases, and in the absence of an order of the Court providing otherwise, the Debtors are prohibited from paying or otherwise satisfying all Wage Obligations (the "Pre-Petition Obligations"), and checks, drafts, wire transfers, and direct deposit transfers issued and effected in respect of the Pre-Petition Obligations will be dishonored or rejected.

11. Accordingly, pursuant to §§ 105(a) and 363(b) of the Bankruptcy Code and the "necessity of payment" doctrine, Debtors seeks authority to: (a) pay the Pre-Petition Obligations that become due and owing during the pendency of this chapter 11 case and (b) continue its practices, programs, and policies with respect to the Pre-Petition Obligations, as such practices, programs, and policies were in effect as of the Petition Date.

12. Debtor further requests that the Court authorize the Debtors' respective banks and financial institutions to honor and pay all pre-petition and post-petition checks issued or to be issued, and fund transfers requested or to be requested, by Debtors in respect of the Pre-Petition Obligations that were not honored or paid as of the Petition Date. Debtors seeks authorization for their banks and financial institutions to rely on the representations of Debtors as to which checks and fund transfer requests are issued and authorized to be paid in accordance with this Motion

3

Case 24-10499   Doc 12   Filed 05/14/24   Entered 05/14/24 09:52:53   Desc Main
Document      Page 3 of 13

without any duty of further inquiry and without liability for following Debtors' instructions. At the same time, Debtors seeks authority to issue new post-petition checks, or effect new fund transfers, on account of their respective Pre-Petition Obligations to replace any pre-petition checks or fund transfer requests that may be dishonored or rejected.

13. Pursuant to Bankruptcy Code §§ 507(a)(4) and (a)(5), the claims of the Employees for "wages, salary, or commissions, including vacation, severance, and sick leave pay" earned within one-hundred-eighty (180) days before the Petition Date and claims against the Debtor for contributions to employee benefit plans arising from services rendered within the 180 days before the Petition Date, are afforded unsecured priority status to the extent of $12,475.00 per wage earner. 11 U.S.C. §§ 507(a)(4)–(5). Furthermore, in the event this Court determines such payment to be outside the ordinary course of Debtor's business, Bankruptcy Code § 363(b)(1) provides that the "[t]rustee, after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate." 11 U.S.C. § 363(b)(1). Bankruptcy Code § 105(a) further provides:

> The Court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title. No provision of this title providing for the raising of an issue by a party in interest shall be construed to preclude the court from, sua sponte, taking any action or making any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process.

11 U.S.C. § 105(a).

14. Debtors believe that the uninterrupted payment of the Pre-Petition Obligations is critical to their reorganization because to interrupt payment to such Employees would severely undermine the support and morale crucial to the Debtors' reorganization efforts. Without Employees, the Debtors would be unable to continue their operations. Payment of the Pre-Petition Obligations in accordance with the Debtors' pre-petition business practices will enable the Debtors

4

to continue to operate their businesses in an economic and efficient manner without interruption or loss of necessary Employees who will be vital to the restructuring efforts. Employees are central to the Debtors' operations and are vital to their reorganization. A significant deterioration in Employee morale at this critical time undoubtedly would have a devastating impact on the Debtors, the value of their assets and businesses, and their efforts to restructure their operations. The total amount to be paid if the authorization sought herein is granted is relatively modest compared to the size of the Debtors' estates and the importance of the Employees to the Debtors and the Debtors' continued operations in these chapter 11 cases.

15. With respect to the accrued and unpaid Pre-Petition Obligations, Debtors request that the Debtors' respective banks and financial institutions that maintained the pre-petition payroll account(s) on which checks were drawn, or from which funds were requested to be transferred, be authorized to honor such checks, drafts, or fund transfer requests, regardless of whether they were issued or paid prior to or after the Petition Date. Debtors request that their respective banks and financial institutions be authorized to rely on the representations of the Debtors as to which payroll checks, drafts, and fund transfer requests are issued and authorized to be paid in accordance with this Motion without any duty of further inquiry and without liability to any party for following Debtors' instructions. Debtors have, or will have, on deposit, sufficient funds available in their bank accounts to satisfy all Pre-Petition Obligations so that Debtors' banks and financial institutions will not be prejudiced by any order authorizing them to honor Debtors' checks or fund transfer requests with respect to such amounts.

16. Moreover, if the checks are issued and fund transfers requested in payment of the Pre-Petition Obligations are dishonored, or if such accrued obligations are not timely paid post-

petition, Debtors' Employees will suffer additional and extreme personal hardship and may be unable to pay their daily living expenses.

17. This Court has approved payment of pre-petition claims for compensation, benefits, and expense reimbursements on the grounds that the payment of such claims were necessary to effectuate a successful chapter 11 case. *See In re Verilink Corp.*, Case No. 06-80566 (Bankr. N.D. Ala. 2006); *In re Citation Corp.*, Case No. 04-08130 (Bankr. N.D. Ala. 2004); *In re Meadowcraft, Inc.*, Case No. 02-06910 (Bankr. N.D. Ala. 2002); *In re Alabaster Indus., Inc.*, Case No. 98-02220 (Bankr. N.D. Ala. 1998).

18. Finally, authorization of payment of the Pre-Petition Obligations should not be deemed to constitute post-petition assumption or adoption of any contract, lease, policy, plan, program, or employment agreement pursuant to Bankruptcy Code § 365. Debtors are in the process of reviewing these matters and reserve all rights under the Bankruptcy Code with respect thereto.

19. Accordingly, Debtors requests that the Court:

(i) authorize Debtors to pay accrued and unpaid Wage Obligations;

(ii) authorize the banks and financial institutions at which Debtors maintain accounts to honor all checks issued and fund transfers requested in respect of the Pre-Petition Obligations to the extent sufficient available funds are on deposit; provided that Debtors' banks and financial institutions are entitled to rely on the representations of Debtors as to which checks, drafts and fund transfer requests are issued and authorized to be paid in accordance with this Motion without any duty of further inquiry and without liability to any party following Debtors' instructions; and

(iii) authorize Debtors to issue new post-petition checks and drafts or to effect new fund transfer instructions, to replace any dishonored or rejected pre-petition checks, drafts, or fund transfer requests on account of the Pre-Petition Obligations.

6

Case 24-10499   Doc 12   Filed 05/14/24   Entered 05/14/24 09:52:53   Desc Main
Document     Page 6 of 13

**WHEREFORE**, Debtors respectfully request that this Court enter an order substantially similar to the ordered attached hereto as Exhibit "**A**" and granting Debtors such other and further relief the Court deems just and appropriate.

Dated this the 13th day of May, 2024.

                                              Respectfully submitted,

                                              /s/ *R. Scott Williams*
                                              R. Scott Williams
                                              Frederick D. Clarke

                                              Proposed Attorneys for Debtors
                                              Ebury Street Capital, LLC, et al.

**Of Counsel:**
**RUMBERGER, KIRK & CALDWELL, P.C.**
Renasant Place
Suite 1300
2001 Park Place North
Birmingham, AL 35203
Phone: (205) 327-5550
Facsimile: (205) 326-6786
swilliams@rumberger.com
fclarke@rumberger.com

## CERTIFICATE OF SERVICE

     I hereby certify that on this 13th day of May, 2024, the foregoing was served by depositing same in the United States Mail, first class, postage prepaid on the Notice Parties as indicated on the list attached hereto.

                                              /s/ *R. Scott Williams*
                                              Of Counsel

| | | |
|---|---|---|
| Aeronet<br>P O Box 270013<br>San Juan, PR  00928 | Alvarez & Suarez<br>P O Box 361686<br>San Juan, PR  00936 | Appfolio Property Manager<br>70 Castilian Drive<br>Goleta, CA  93117 |
| Authnet Gateway<br>P O Box 947<br>American Fork, UT  84003 | Bronster, LLP<br>156 West 56th Street Suite 902<br>New York, NY  10019 | City of Bucyrus Utility<br>500 S Sandusky Avenue<br>Bucyrus, OH  44820 |
| City of Rochester NY<br>30 Church Street<br>Rochester, NY  14614 | Delmarva Power<br>P O Box 17006<br>Wilmington, DE  19850 | Departamento de Hacienda de Puerto Rico<br>10 P.Âº Covadonga<br>San Juan, PR  00901 |
| Emigrant Business Credit Corp<br>6 East 43rd Street 4th Floor<br>New York, NY  10017 | Engineering & Land Planning Associates<br>140 West Main Street<br>High Bridge, NJ  08829 | Epic Advance<br>311 Blvd of the Americas<br>Lakewood, NJ  08701 |
| Etowah County Alabama<br>800 Forrest Avenue<br>Gadsden, AL  35901 | EYZC Investment Holdings, LLC<br>@J. Robert Arnett, II<br>8150 N Central Expressway Ste 500<br>Dallas, TX  75206 | Flaster Greenberg Law Firm<br>1810 Chapel Avenue West<br>Cherry Hill, NJ  08002 |
| Gusrae Kaplan<br>120 Wall Street<br>New York, NY  10005 | Hamilton County OH<br>138 East Court Street Room 402<br>Cincinnati, OH  45202 | INA Group LLC<br>6333 Apples Way Suite 115<br>Lincoln, NE  68516 |
| JCAP/BSI Financial<br>P O Box 679002<br>Dallas, TX  75267 | Jumar Cleaning Services<br>PO Box 1900<br>Coamo, PR  00769 | Luma<br>P O Box 363508<br>San Juan, PR  00936 |
| McConnell Valdes, LLC<br>270 Munoz Rivera Avenue<br>San Juan, PR  00918 | MTAG Services, LLC<br>111 Coleman Blvd Ste 400<br>Mount Pleasant, SC  29464 | Nick Daquioag<br>1034 Jamieson Road<br>Lutherville Timonium, MD  21093 |
| OSP Law Office, LLC<br>P O Box 195055<br>San Juan, PR  00919 | Pellegrino & Feldstein<br>290 Route 46 West<br>Denville, NJ  07834 | Pennsville Water & Sewer<br>90 N Broadway<br>Pennsville, NJ  08070 |

| | | |
|---|---|---|
| Point Pleasant Beach Borough<br>416 New Jersey Avenue<br>Point Pleasant Beach, NJ 08742 | Precision Capital<br>4710 Village Plaza Loop Ste 100<br>Eugene, OR 97401 | Sanchez Betances<br>P O Box 364428<br>San Juan, PR 00936 |
| Sandu Law Group<br>1213 Prospect Avenue Suite 300<br>Cleveland, OH 44115 | SBA Loan<br>1545 Hawkins Blvd Ste 202<br>El Paso, TX 79925 | SDA<br>129 W Alder St<br>Missoula, MT 59802 |
| Silverhill Funding LLC<br>4425 Ponce de Leon Blvd Suite 300<br>Miami, FL 33146 | Spectrum<br>220 East Morris Ave Ste 400<br>Salt Lake City, UT 84115 | Stark & Knoll Co<br>3475 Ridgewood Road<br>Akron, OH 44333 |
| Summit County OH<br>175 South Main Street<br>Akron, OH 44308 | SWBC Insurance Services<br>P.O. Box 791028<br>San Antonio, TX 78279 | TD Bank<br>200 Carolina Point Pkwy Bldg B<br>Greenville, SC 29607 |
| Terenzi & Confusione P C<br>401 Franklin Avenue Suite 304<br>Garden City, NY 11530 | Triple S<br>PO Box 71548<br>San Juan, PR 00936 | Valley Wealth & Trust<br>80 East Ridgewood Ave 4th Floor<br>Paramus, NJ 07652 |
| Velocity Commercial Capital LLC<br>P O Box 24738<br>West Palm Beach, FL 33416 | Water & Sewer Dept NJ<br>920 Broad Street<br>Newark, NJ 07102 | Banco Popular de Puerto Rico<br>PO Box 71589<br>San Juan PR 00936 |
| M & T Bank<br>115 S Ridge St<br>Rye Brook, NY 10573 | Capital One Bank<br>1680 Capital One Dr.<br>McLean, VA 22102 | |

# EXHIBIT A
## (Proposed Order)

| | | |
|---|---|---|
| IN RE : | ) | Chapter 11 |
| | ) | |
| **EBURY STREET CAPITAL, LLC,** *et al.*, | ) | Case No. 24- |
| | ) | |
| Debtors.[2] | ) | (Jointly Administered) |
| _____ | ) | |

## MOTION OF DEBTORS PURSUANT TO 11 U.S.C. §§ 105(a) AND 363(b) FOR AUTHORIZATION TO PAY PRE-PETITION WAGES, COMPENSATION, AND EMPLOYEE BENEFITS

This matter came to be heard upon the motion of Ebury Street Capital, LLC and its debtor affiliates as debtors and debtors-in-possession (collectively the "Debtors")for an order pursuant to §§ 105(a) and 363(b) of the Bankruptcy Code for:

(i) authorization to pay accrued and unpaid Wage Obligations;

(ii) authorization for banks and financial institutions at which Debtors maintain accounts to honor all checks issued and fund transfers requested in respect of the Pre-Petition Obligations to the extent sufficient available funds are on deposit; provided that Debtors' banks and financial institutions are entitled to rely on the representations of Debtors as to which checks, drafts and fund transfer requests are issued and authorized to be paid in accordance with this Motion without any duty of further inquiry and without liability to any party following Debtors' instructions; and

(iii) authorization to issue new post-petition checks and drafts or to effect new fund transfer instructions, to replace any dishonored or rejected pre-petition checks, drafts, or fund transfer requests on account of the Pre-Petition Obligations.

---

[2] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, if any, are: EB 1EMIALA (4788), Ebury Street Capital, LLC (7623), EB 2EMIALA, LLC (5175) Ebury Fund 1, LP (1403), Ebury Fund 2 (2178), LP, Red Clover 1, LLC (9780), Ebury RE, LLC (1397), Ebury 1EMI, LLC (4369), Ebury 2EMI, LLC (6849), EB 2EMIMD, LLC (2225), EB 1EMINJ, LLC (2006), EB 1 EMINY, LLC (4213), EB 2EMINY, LLC (3150), Ebury Fund 1 NJ, LLC (5126), RE 1EMI, LLC (2345), RE 2EMI, LLC (7945), Greater Flamingo, LLC (2030).

11

Upon consideration of the Motion; the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334; and it appearing that notice of the Motion has been given to the Notice Parties (as defined in the Motion); and that no other or further notice is necessary; and having determined that the relief requested in the Motion is in the best interests of the Debtors, their estates, employees, and creditors and other parties in interest; and upon the record herein; and after due deliberation thereon; and good and sufficient cause appearing therefore, it is hereby

**ORDERED** that the Debtor's Motion is **GRANTED**;

**ORDERED** that the Debtor is authorized to honor and pay the Pre-Petition Obligations to the extent the Debtor has funds on hand to pay the Pre-Petition Obligations;

**ORDERED** that the Debtors are authorized to pay the Pre-Petition Obligations in a manner consistent with the Debtors' pre-petition business practices and policies, as set forth below:

> (i) Debtors are authorized to pay accrued and unpaid Wage Obligations;
>
> (ii) The banks and financial institutions at which Debtors maintain their accounts are authorized to honor all checks issued and fund transfers requested in respect of the Pre-Petition Obligations to the extent sufficient available funds are on deposit; provided that Debtors' banks and financial institutions are entitled to rely on the representations of Debtors as to which checks, drafts and fund transfer requests are issued and authorized to be paid in accordance with the Debtors' Motion without any duty of further inquiry and without liability to any party following Debtors' instructions; and
>
> (iii) Debtors are authorized to issue new post-petition checks and drafts or to effect new fund transfer instructions, to replace any dishonored or rejected pre-petition checks, drafts, or fund transfer requests on account of the Pre-Petition Obligations.

**ORDERED** that the Debtors are authorized to pay the requested Pre-Petition Obligations without prejudice to the Debtors' right to seek additional or further relief in the future; and

**ORDERED** that the relief granted herein shall not constitute or be deemed an assumption or an authorization to assume any of such contracts, policies, plans, programs, practices, and procedures pursuant to Bankruptcy Code § 365.

**DATED** this the ___ day of May, 2024.

_____
UNITED STATES BANKRUPTCY JUDGE