IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

| | | |
|---|---|---|
| IN RE : | ) | Chapter 11 |
| | ) | |
| **EBURY STREET CAPITAL, LLC,** *et al.*, | ) | Case No. 24- |
| | ) | |
| Debtors.[1] | ) | (Jointly Administered) |
| _____ | ) | |

**MOTION OF DEBTORS FOR ORDER PURSUANT TO 11 U.S.C. §§ 105 and 363 AUTHORIZING CONTINUED USE OF EXISTING BANK ACCOUNTS AND CASH MANAGEMENT SYSTEMS**

Ebury Street Capital, LLC and its debtor affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "Debtors") respectfully move the Court, pursuant to §§ 105(a) and 363(b) of title 11 of the United States Code, 11 U.S.C. §§ 101, *et. seq.* (the "Bankruptcy Code") to authorize the continued use of the Debtors' existing bank accounts and cash management systems. In support of this Motion, the Debtors represent the following:

### JURISDICTION AND VENUE

1. On May 13, 2024 (the "Petition Date"), each Debtor commenced with this Court a voluntary case under chapter 11 of title 11 of the Bankruptcy Code. The Debtors continue to operate their businesses and manage their properties in possession pursuant to 11 U.S.C. §§ 1107(a) and 1108. No trustee, examiner, or statutory committee of creditors has been appointed in these chapter 11 cases.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, if any, are: EB 1EMIALA (4788), Ebury Street Capital, LLC (7623), EB 2EMIALA, LLC (5175) Ebury Fund 1, LP (1403), Ebury Fund 2 (2178), LP, Red Clover 1, LLC (9780), Ebury RE, LLC (1397), Ebury 1EMI, LLC (4369), Ebury 2EMI, LLC (6849), EB 2EMIMD, LLC (2225), EB 1EMINJ, LLC (2006), EB 1 EMINY, LLC (4213), EB 2EMINY, LLC (3150), Ebury Fund 1 NJ, LLC (5126), RE 1EMI, LLC (2345), RE 2EMI, LLC (7945), Greater Flamingo, LLC (2030).

2. The Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue of Debtors' chapter 11 cases and this Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicates for the relief requested herein are 11 U.S.C §§ 105(a) and 363(b).

### FACTUAL BACKGROUND

3. The Debtors are a series of related and affiliated companies that primarily operate in the real estate business.

4. Ebury Street Capital, LLC is a holding company and the parent of all the Debtor entities.

5. The Debtors have filed these chapter 11 cases in order to reorganize and streamline operations, prepare for a sale of assets, resolve multiple litigation matters, and resolve the validity of pending claims.

6. The Debtors anticipate that they will engage professionals and accelerate their pre-bankruptcy marketing efforts to sell assets as part of a § 363 sale.

7. The Debtors expect that the resulting proceeds will be able to pay all administrative claims, secured and priority claims, as well as obtain a dividend for unsecured creditors.

### RELIEF REQUESTED

8. Debtors seek entry of an Order (i) authorizing the Debtors to maintain their existing bank accounts, (ii) authorizing the Debtors to continue using their centralized cash management system, and (iii) directing [Banks] to allow the Debtors to access their respective bank accounts and make transfers from those bank accounts.

## BASIS FOR RELIEF

**A.  Debtors' Pre-petition Cash Management System**

9. In the ordinary course of their business and prior to the Petition Date, Debtors used a centralized cash management system (the "Cash Management System"). The Cash Management System is designed to efficiently collect, transfer and disburse funds generated through Debtors' operations and to accurately record such collections, transfers, and disbursements as they are made. As part of the Cash Management System, Debtors maintain deposit and checking accounts with Banco Popular, M & T Bank and Capital One Bank (collectively, the "Bank Accounts"). The Cash Management System is funded primarily by receipts from sales. The principal components of the Cash Management System are described below.

10. Debtors maintain deposit and checking systems for their operations. Cash and receipts are regularly deposited into these accounts and then check or wire transfers are used to pay the Debtors' obligations.

11. Debtors maintain current and accurate accounting records of daily cash transactions.

**B.  The Debtors Should Be Granted Authority to Maintain their Existing Bank Accounts and Use their Cash Management Systems**.

12. Debtors' cash management procedures have been employed for a considerable period of time and constitute ordinary course, essential business practices. The Cash Management Systems provide significant benefits to the Debtors including, *inter alia*, the ability to: (i) control corporate funds; (ii) ensure maximum availability of funds when necessary; and (iii) reduce administrative expenses by facilitating the movement of funds and the development of more timely and accurate account balances.

13. Debtors' business operations and reorganization efforts require that the existing Cash Management Systems continue during the pendency of their chapter 11 cases, as any disruption could have a severe and adverse impact upon the Debtors. Further, the process of establishing new cash management systems and bank accounts would be a lengthy and expensive process and a substantial burden to the estates.

14. Such a disruption would cause unnecessary delays in payment processing, damage customer relationships, damage the Debtors' revenue and profits, and would ultimately affect the Debtors' reorganization efforts. Moreover, such a disruption would result in a diminution in the value of the Debtors' assets and cause irreparable harm to the estate. Maintaining the Debtors' current Cash Management Systems is essential to Debtor's ability to reorganize its business operations and preserve the value of its assets.

15. Debtors will continue to maintain records of all transactions and transfers within their Cash Management Systems, so that all transfers and transactions will be documented in their respective books and records to the same extent such information was maintained by Debtors prior to the Petition Date.

16. Based upon the foregoing, the Debtors submit that the maintenance of their existing Cash Management Systems is essential, appropriate, and in the best interests of the Debtors' estates and all parties in interest.

17. Debtors are aware of current requirements by the Bankruptcy Administrator that debtors-in-possession open new bank accounts; however, Debtors seek a waiver of any such requirements that mandate, among other things, that the Bank Accounts be closed and that new post-petition bank accounts be opened. If any such requirements were enforced in the instant

chapter 11 cases, the requirements would cause enormous disruption and would not be in the best interest of the estates.

18. Debtors transitions into chapter 11 will be smoother and more orderly, with a minimum disruption to their operations, if the Bank Accounts are maintained with the same account numbers following commencement of the case.

19. By preserving business continuity and avoiding the disruption and delay that would necessarily result from closing the Bank Accounts and opening new accounts, all parties in interest, including employees and customers, will be best served. The benefit to the Debtors, their business operations, and to all parties in interest will be considerable in view of the fact that the Debtors maintain multiple Bank Accounts. The disruption that would otherwise result, absent the relief requested herein, would ill-serve Debtors' interests in these chapter 11 cases.

20. In other chapter 11 cases in Alabama, bankruptcy courts have recognized that requiring debtors-in-possession to close their bank accounts does not serve the process of chapter 11. Accordingly, courts in this district have waived such requirements and replaced them with alternative procedures. *See, e.g.*, *In re Franklin Pharmacy, LLC*, Case No. 14-80089; *In re Belle Foods, LLC*, Case No. 13-81963; *In re Bill Heard Enters., Inc.*, Case No. 08-83029; *In re Citation Corp.*, Case No. 07-01153; *In re Martin Indus., Inc.*, Case No. 02-85553; *In re Meadowcraft*, Case No. 02-06910; *In re Shook & Fletcher Insulation Co.*, Case No. 02-02771; *In re Hal Roach Constr., Inc.*, Case No. 00-03118; *In re Gulf States Steel, Inc.*, Case No. 99-41958. Similar authorization is appropriate here.

21. Debtors respectfully request that the Bank Accounts be deemed debtor-in-possession accounts and that Debtors be authorized to maintain and continue to use these accounts in the same manner the accounts were utilized prior to the Petition Date.

22. Debtors seek authorization for the Banks to continue to service and administer the applicable Bank Accounts as accounts of the Debtors as debtors-in-possession without interruption and in the usual and ordinary course, and to receive, process and honor and pay all checks, drafts, wires, or automated clearing house transfers ("ACH Transfers") drawn on the Bank Accounts after the Petition Date by the holders or makers thereof, as the case may be.

23. Debtors seek authorization that nothing contained herein shall prevent Debtors from opening any additional bank accounts, or closing any of the existing Bank Accounts as it may deem necessary and appropriate, and the Banks are authorized to honor Debtors' requests to open or close, as the case may be, such bank accounts or additional bank accounts; *provided, however*, that any new account shall be with a bank that is insured with the Federal Deposit Insurance Corporation or the Federal Savings and Loan Insurance Corporation and that is organized under the laws of the United States or any State therein, and fully comply with any requirement of the Bankruptcy Administrator's office. Any and all accounts opened by any of the Debtors on or after the Petition Date at any bank, shall, for all purposes under this Motion, similarly be subject to the rights and obligations of this Motion.

24. Debtors seek authorization for Debtors and the Banks to continue to perform pursuant to the terms of any pre-petition agreements that may exist between them and for Debtors to pay the Banks any fees, expenses or other amounts due in connection with such agreements arising prior to or after the Petition Date. The parties to such agreements shall continue to enjoy the rights and remedies afforded them under such agreements, except to the extent modified by the terms of the order or by operation of the Bankruptcy Code.

## NOTICE

1. Notice of this Motion has been provided to (1) the Office of the Bankruptcy Administrator for the United States Bankruptcy Court for the Middle District of Alabama, Southern Division; (2) the holders of the twenty (20) largest unsecured claims against the Debtors (on a consolidated basis); (3) the District Director of the Internal Revenue Service for the Middle District of Alabama; and (4) any secured creditors of record (the "Notice Parties"). Debtors submit that, in view of the facts and circumstances, such notice is sufficient and no other further notice need be provided.

2. No previous request for the relief requested herein has been made in this bankruptcy case to this or any other court.

WHEREFORE the Debtors respectfully request that this Court enter an order substantially in the form annexed hereto as Exhibit "**A**" granting the Debtors authorization to maintain their existing Cash Management Systems, authorization to maintain their existing Bank Accounts, and such other and further relief as this Court deems just and appropriate.

Dated this the 13th day of May, 2024.

                Respectfully submitted,

                /s/ *R. Scott Williams*
                R. Scott Williams
                Frederick D. Clarke
                Proposed Attorneys for Debtors
                Ebury Street Capital, LLC, et al.

**Of Counsel:**
**RUMBERGER, KIRK & CALDWELL, P.C.**
Renasant Place
Suite 1300
2001 Park Place North
Birmingham, AL 35203
Phone: (205) 327-5550
Facsimile: (205) 326-6786
swilliams@rumberger.com
fclarke@rumberger.com

## CERTIFICATE OF SERVICE

      I hereby certify that on this 13th day of May, 2024, the foregoing was served by depositing same in the United States Mail, first class, postage prepaid on the Notice Parties as indicated on the list attached hereto.

                                           */s/ R. Scott Williams*
                                           Of Counsel

| | | |
|---|---|---|
| Aeronet<br>P O Box 270013<br>San Juan, PR 00928 | Alvarez & Suarez<br>P O Box 361686<br>San Juan, PR 00936 | Appfolio Property Manager<br>70 Castilian Drive<br>Goleta, CA 93117 |
| Authnet Gateway<br>P O Box 947<br>American Fork, UT 84003 | Bronster, LLP<br>156 West 56th Street Suite 902<br>New York, NY 10019 | City of Bucyrus Utility<br>500 S Sandusky Avenue<br>Bucyrus, OH 44820 |
| City of Rochester NY<br>30 Church Street<br>Rochester, NY 14614 | Delmarva Power<br>P O Box 17006<br>Wilmington, DE 19850 | Departamento de Hacienda de Puerto Rico<br>10 P.Âº Covadonga<br>San Juan, PR 00901 |
| Emigrant Business Credit Corp<br>6 East 43rd Street 4th Floor<br>New York, NY 10017 | Engineering & Land Planning Associates<br>140 West Main Street<br>High Bridge, NJ 08829 | Epic Advance<br>311 Blvd of the Americas<br>Lakewood, NJ 08701 |
| Etowah County Alabama<br>800 Forrest Avenue<br>Gadsden, AL 35901 | EYZC Investment Holdings, LLC<br>@J. Robert Arnett, II<br>8150 N Central Expressway Ste 500<br>Dallas, TX 75206 | Flaster Greenberg Law Firm<br>1810 Chapel Avenue West<br>Cherry Hill, NJ 08002 |
| Gusrae Kaplan<br>120 Wall Street<br>New York, NY 10005 | Hamilton County OH<br>138 East Court Street Room 402<br>Cincinnati, OH 45202 | INA Group LLC<br>6333 Apples Way Suite 115<br>Lincoln, NE 68516 |
| JCAP/BSI Financial<br>P O Box 679002<br>Dallas, TX 75267 | Jumar Cleaning Services<br>PO Box 1900<br>Coamo, PR 00769 | Luma<br>P O Box 363508<br>San Juan, PR 00936 |
| McConnell Valdes, LLC<br>270 Munoz Rivera Avenue<br>San Juan, PR 00918 | MTAG Services, LLC<br>111 Coleman Blvd Ste 400<br>Mount Pleasant, SC 29464 | Nick Daquioag<br>1034 Jamieson Road<br>Lutherville Timonium, MD 21093 |
| OSP Law Office, LLC<br>P O Box 195055<br>San Juan, PR 00919 | Pellegrino & Feldstein<br>290 Route 46 West<br>Denville, NJ 07834 | Pennsville Water & Sewer<br>90 N Broadway<br>Pennsville, NJ 08070 |

Point Pleasant Beach Borough
416 New Jersey Avenue
Point Pleasant Beach, NJ  08742

Precision Capital
4710 Village Plaza Loop Ste 100
Eugene, OR  97401

Sanchez Betances
P O Box 364428
San Juan, PR  00936

Sandu Law Group
1213 Prospect Avenue Suite 300
Cleveland, OH  44115

SBA Loan
1545 Hawkins Blvd Ste 202
El Paso, TX  79925

SDA
129 W Alder St
Missoula, MT  59802

Silverhill Funding LLC
4425 Ponce de Leon Blvd Suite 300
Miami, FL  33146

Spectrum
220 East Morris Ave Ste 400
Salt Lake City, UT  84115

Stark & Knoll Co
3475 Ridgewood Road
Akron, OH  44333

Summit County OH
175 South Main Street
Akron, OH  44308

SWBC Insurance Services
P.O. Box 791028
San Antonio, TX  78279

TD Bank
200 Carolina Point Pkwy Bldg B
Greenville, SC  29607

Terenzi & Confusione P C
401 Franklin Avenue Suite 304
Garden City, NY  11530

Triple S
PO Box 71548
San Juan, PR  00936

Valley Wealth & Trust
80 East Ridgewood Ave 4th Floor
Paramus, NJ  07652

Velocity Commercial Capital LLC
P O Box 24738
West Palm Beach, FL  33416

Water & Sewer Dept NJ
920 Broad Street
Newark, NJ  07102

Banco Popular de Puerto Rico
PO Box 71589
San Juan PR 00936

M & T Bank
115 S Ridge St
Rye Brook, NY 10573

Capital One Bank
1680 Capital One Dr.
McLean, VA 22102

# EXHIBIT A

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

| | | |
|---|---|---|
| IN RE : | ) | Chapter 11 |
| | ) | |
| **EBURY STREET CAPITAL, LLC,** *et al.*, | ) | Case No. 24- |
| | ) | |
| Debtors.[2] | ) | (Jointly Administered) |
| | ) | |

**ORDER PURSUANT TO 11 U.S.C. §§ 105 and 363 AUTHORIZING CONTINUED USE OF DEBTORS' EXISTING CASH MANAGEMENT SYSTEMS AND MAINTENANCE OF DEBTORS' EXISTING BANK ACCOUNTS**

This matter came to be heard upon the motion ("Motion") of Ebury Street Capital, LLC and its debtor affiliates as debtors and debtors-in-possession (collectively the "Debtors") for authorization pursuant to §§ 105(a) and 363 of title 11 of the United States Code, 11 U.S.C. §§ 101, *et seq.*, (the "Bankruptcy Code") to continue use of existing cash management systems and to maintain existing bank accounts. The Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334; notice of this Motion having been provided to the Notice Parties (as defined in the motion); and it appearing that no other or further notice need be given; and upon the record herein; and after due deliberation and sufficient cause appearing therefore, it is hereby

**ORDERED** that the Motion is **GRANTED** in its entirety; and it is further

**ORDERED** that Debtors are authorized to continue their customary cash management procedures in the ordinary course, <u>provided</u>, <u>however</u>, that Debtors shall maintain records of all

---

[2] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, if any, are: EB 1EMIALA (4788), Ebury Street Capital, LLC (7623), EB 2EMIALA, LLC (5175) Ebury Fund 1, LP (1403), Ebury Fund 2 (2178), LP, Red Clover 1, LLC (9780), Ebury RE, LLC (1397), Ebury 1EMI, LLC (4369), Ebury 2EMI, LLC (6849), EB 2EMIMD, LLC (2225), EB 1EMINJ, LLC (2006), EB 1 EMINY, LLC (4213), EB 2EMINY, LLC (3150), Ebury Fund 1 NJ, LLC (5126), RE 1EMI, LLC (2345), RE 2EMI, LLC (7945), Greater Flamingo, LLC (2030).

12

transactions within their respective cash management systems so that all transfers and transactions will be documented in their respective books and records to the same extent such information was maintained by Debtors prior to the commencement of their chapter 11 cases (the "Petition Date"); and it is further

**ORDERED** that Debtors are authorized to (1) designate, maintain, and continue to use any and all of their respective, existing bank accounts in the names and with the account numbers existing immediately prior to the Petition Date, (2) deposit funds in and withdraw funds from their respective accounts by all usual means including, without limitation, cash, checks, wire transfers, Automated Clearing House transfers, and other debits, and (3) treat their respective pre-petition bank accounts for all purposes as debtors-in-possession accounts, and it is further

**ORDERED** that the banks and financial institutions at which Debtors' respective bank accounts are maintained (collectively, the "Banks") are authorized to continue to service and administer the applicable bank accounts as accounts of the Debtors as debtors-in-possession without interruption and in the usual and ordinary course, and to receive, process and honor and pay any and all checks, drafts, wires, or automated clearing house transfers ("ACH Transfers") drawn on the bank accounts after the Petition Date by the holders or makers thereof, as the case may be; and it is further

**ORDERED** that nothing contained herein shall prevent any Debtor from opening any additional bank account, or closing any existing bank account(s) as they may deem necessary and appropriate, and the Banks are authorized to honor their respective Debtor's requests to open and close, as the case may be, such bank accounts or additional bank accounts; provided, however, that any new account shall be with a bank that is insured with the Federal Deposit Insurance

13

Corporation or the Federal Savings and Loan Insurance Corporation and that is organized under the laws of the United States or any State herein; and it is further

**ORDERED** that, within two days after opening or closing an account, the responsible Debtor shall give the Bankruptcy Administrator notice of such opening or closing and a copy of the signature card; and it is further

**ORDERED** that any and all accounts opened by the Debtors on or after the Petition Date at any Bank shall, for all purposes under this Order, similarly be subject to the rights and obligations of this Order; and it is further

**ORDERED** that Debtors and the Banks are hereby authorized to continue to perform pursuant to the terms of any pre-petition agreements that may exist between them, except and to the extent otherwise directed by the terms of this Order, and Debtors are authorized to pay their respective Banks any fees, expenses or other amounts due in connection with such agreements arising prior to or after the Petition Date. The parties to such agreements shall continue to enjoy the rights and remedies afforded them under such agreements, except to the extent modified by the terms of this Order or by operation of the bankruptcy Code; and it is further

**ORDERED** that operation of the cash management systems shall not affect any liens on the cash held in the cash management system, all of which are expressly preserved.

Dated this the ___ day of _____, 2024.

---

UNITED STATES BANKRUPTCY JUDGE