# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| In re | Case No. 24-10499-BPC |
| | Chapter 11 |
| | (Jointly Administered) |
| EBURY STREET CAPITAL, LLC, et al, | |
| Debtors.[1] | |

## CHAPTER 11 OPERATING ORDER

This Order outlines requirements and expectations for filings under Chapter 11. If you are represented by counsel, you should discuss this Order with your attorney. If you are not represented by counsel and are unsure about how this Order affects your rights, consider seeking the advice of an attorney. All provisions and requirements of this Order are effective upon entry of this Operating Order, unless otherwise ordered by the Court. This Order does not relieve the Debtor of any requirements of the Bankruptcy Code or Bankruptcy Rules. The Debtor-in-Possession (the "Debtor") is hereby

ORDERED to comply with the following, except as otherwise ordered by the Court:

### A. MEETING WITH THE BANKRUPTCY ADMINISTRATOR

Upon notice by the Bankruptcy Administrator, the Debtor and Debtor's counsel shall meet with the Bankruptcy Administrator, or her designee, to certify compliance with all provisions of this Order. The Debtor shall supply the Bankruptcy Administrator with any documents or records requested by the Bankruptcy Administrator prior to or at the time of such meeting.

### B. INSPECTION OF PROPERTY AND RECORDS

The Debtor shall permit the Bankruptcy Administrator or her designee reasonable inspection of its premises, properties, and books and records.

### C. BOOKS AND RECORDS

The Debtor's prepetition books and records should have been closed and new post-petition books and records should have been opened as of the date of filing the Chapter 11 petition. Except

---

[1] An Order (Doc. 7) entered in accordance with Rule 1015(b) of the Bankruptcy Rules directing the joint administration of the following cases: EB 1EMIALA, Ebury Street Capital, LLC, EB 2EMIALA, LLC, Ebury Fund 1, LP, Ebury Fund 2, LP, Red Clover 1, LLC, Ebury RE, LLC, Ebury 1EMI, LLC, Ebury 2EMI, LLC, EB 2EMIMD, LLC, EB 1EMINJ, LLC, EB 1 EMINY, LLC, EB 2EMINY, LLC, Ebury Fund 1 NJ, LLC, RE 1EMI, LLC, RE 2EMI, LLC, Greater Flamingo, LLC, with Ebury Street Capital, LLC, 24-10499 as the lead case.

as otherwise ordered, this shall be done within seven (7) days from entry of this Order. Regardless of the time of actual closing and opening, the books and records shall be reconciled as of the Petition Date. The books and records shall be kept in accordance with generally accepted accounting principles or other acceptable comprehensive basis of accounting.

## D. BANK ACCOUNTS

1. **New Bank Accounts:** Except as otherwise ordered, necessary new bank accounts must have been opened on the date the Chapter 11 petition was filed. Except as otherwise ordered, new accounts must be opened within seven (7) days from entry of this Order. The Debtor must then close all old bank accounts and reconcile as of the day preceding the filing of the bankruptcy. New bank accounts must be opened and shall consist of one or more general accounts, and any other accounts required by the Bankruptcy Administrator, such as a payroll or tax account. Unless otherwise ordered, all business conducted after the filing of the Chapter 11 petition should be handled through new bank accounts. The bank statements, new signature cards, and checks for new bank accounts shall clearly state "Chapter 11 Debtor-in-Possession."
2. **Collateralization of Accounts:** Except as otherwise ordered, the Debtor shall comply with the provisions of 11 U.S.C. § 345 regarding deposit or investment of money of the estate. The Debtor or Debtor's counsel immediately shall inform the Bankruptcy Administrator of the deposit of any funds of the estate in any bank or other financial institution that are either not covered by F.D.I.C. insurance or that exceed the insured amount. If the Debtor has one or more accounts in any single institution where the total amount on deposit exceeds the insured amount, the Debtor must either open another account in a separate bank or require from the institution holding these funds a deposit of securities equal to the difference in the amount on deposit and the insured amount.
3. **Tax and Payroll Accounts or Entries; Deposits:** If a tax or payroll account is established, or if the Debtor uses only a general account with entries for payroll and taxes, deposits to it, together with any necessary federal and state depository receipts, shall be administered as follows:
   a. Within three (3) business days after each regular payroll period, the Debtor shall pay to the Internal Revenue Service and State Department of Revenue all withheld or collected taxes in the form of a Federal and State Tax Deposit.
   b. Within three (3) business days after each regular quarterly period, the Debtor shall pay to the Internal Revenue Service and State Department of Revenue all required unemployment taxes.
   c. Within seven (7) days after the end of each month, on the forms furnished by the Internal Revenue Service and State Department of Revenue, the Debtor shall give notice of the Federal Tax Deposit for excise taxes to the Internal Revenue Service and, if applicable, to the State Department of Revenue.
   d. If the Debtor is an individual required to make quarterly tax estimate payments, those payments should be made when due.
   e. State and local sales taxes will be paid to the taxing authorities per their existing regulations in a timely manner.
   f. The Debtor shall keep current all business licenses and permits.

### E. PERIODIC REPORTING REQUIRED ON NON-DEBTOR ENTITIES (IN WHICH THE DEBTOR HOLDS A SUBSTANTIAL OR CONTROLLING INTEREST)

In a Chapter 11 case where the Debtor holds a substantial or controlling interest in other entities, the Debtor is required to file a Periodic Report Regarding Value, Operations and Profitability of Entities in Which the Debtor's Estate Holds a Substantial or Controlling Interest (Official Form 426). This form is required to be filed under Bankruptcy Rule 2015.3 no later than seven (7) days prior to the initial Section 341 Meeting of Creditors. Subsequent reports shall be filed every six (6) months thereafter, until the effective date of a plan or the case is dismissed or converted.

### F. TAX RETURNS

The Debtor shall provide the Bankruptcy Administrator all tax returns that were delinquent as of the Petition Date within ninety (90) days of entry of this Order, unless otherwise provided by law or order of the Court. The Debtor shall provide the Bankruptcy Administrator all post-petition tax returns and pay all post-petition taxes when due.

### G. PROOF OF INSURANCE

The Debtor shall maintain adequate insurance, including, as applicable, worker's compensation, general liability, property, fire, theft, and motor vehicle insurance, as well as such other insurance coverage normally and customarily used in the Debtor's business. The Debtor shall pay all post-petition premiums when due. Within ten (10) days of the Petition Date, the Debtor shall provide the Bankruptcy Administrator's Office proof of insurance coverage on all property of the estate, and the Debtor shall submit copies of complete policies within thirty (30) days of the Petition Date. Should any of the insurance policies listed be cancelled or not renewed before their expiration dates, the Debtor shall notify the Bankruptcy Administrator's Office of the impending cancellation or non-renewal in writing within five (5) days of Debtor's first receipt of such notice. The Debtor shall provide the Bankruptcy Administrator's Office with evidence of renewal of insurance policies prior to the expiration dates throughout the duration of the Chapter 11 case, and the Debtor shall provide complete copies of such policies within ten (10) days of Debtor's receipt of same.

### H. USE OF ESTATE PROPERTY

The Debtor shall not transfer, sell, hypothecate, mortgage, pledge or encumber, or otherwise dispose of any property of the estate, other than in the ordinary course of business, without prior order of the Court. Except as permitted by 11 U.S.C. § 363 in the ordinary course of business, the Debtor shall not use estate property to pay prepetition debts, including claims of secured creditors and landlords, without prior order of the Court. To the extent that a secured

creditor has a lien on cash or its equivalent in the Debtor's possession, the Debtor shall not use cash collateral as defined by 11 U.S.C. § 363 unless each entity that has an interest in such cash collateral consents or the Court, after notice and hearing, authorizes such use, sale, or lease in accordance with the provisions of 11 U.S.C. § 363.

### I. OBTAINING CREDIT

The Debtor shall comply with 11 U.S.C. § 364 concerning motions for post-petition financing, for which Court approval is required.

### J. COMPENSATION AND COMPENSATION PLANS

During the pendency of this Chapter 11 case, the Debtor shall not increase employee compensation or modify plans of compensation without prior Order of this Court. Compensation and plans of compensation shall include, but shall not be limited to, salaries, hourly wages, benefits, commission structure, bonuses, deferred compensation plans, or other forms of compensation.

### K. PROFESSIONAL PERSONS

The Debtor shall file applications in accordance with 11 U.S.C. § 327 for authority to employ any professional persons including, but not limited to, attorneys, accountants, and appraisers.

### L. MONTHLY OPERATING REPORTS

Pursuant to 11 U.S.C. §§ 1106 and 1107 and Rule 2015 of the Federal Rules of Bankruptcy Procedure, the Debtor shall prepare and file with the Court monthly written reports on the status of this Chapter 11 case ("Monthly Operating Report"). The first Monthly Operating Report shall include the period between the Petition Date and the last date of that calendar month, and all subsequent reports shall be for the entire calendar month. Each subsequent Monthly Operating Report shall be filed within twenty-one (21) days following the end of the calendar month. The opening balances in the initial Monthly Operating Report shall reflect the Debtor's financial condition as of the Petition Date. The Monthly Operating Report must be dated and signed by the Debtor.

Following confirmation of a plan, the Debtor shall prepare and file with the Court monthly written reports on the Debtor's progress toward substantial consummation of the plan ("Post-Confirmation Report") in the form provided by the Bankruptcy Administrator. The initial Post-Confirmation Report shall cover the period from the date of confirmation through the end of that calendar month. Post-Confirmation Reports are required until substantial consummation of the Plan occurs and the Court enters a final decree closing the case pursuant to 11 U.S.C. § 350 and Bankruptcy Rule 3022.

### M. BANK STATEMENTS

The Debtor must file a copy of all monthly bank statements with the Clerk of Court. These statements must be filed contemporaneous with the Monthly Operating Reports described in Paragraph L; the Debtor shall file the bank statements for the month covered by the monthly operating report.

**N. QUARTERLY FEES**

All standard Chapter 11 cases are subject to a quarterly fee as provided by 28 U.S.C. § 1930(a)(6) for every quarter (including any fraction thereof) from the Petition Date through the date of an order dismissing, converting, or closing the case. The quarterly fee shall be payable on the last day of the calendar month following the calendar quarter for which the fee is owed. The Debtor is responsible for the prompt and full payment of these fees. The fee is set by 28 U.S.C. § 1930(a)(6) and is subject to periodic adjustment. The fee is applicable to each case commenced under Chapter 11, except those proceeding under Subchapter V of Chapter 11, regardless of joint administration of two or more cases. Pursuant to 28 U.S.C. § 1930(a)(6), a minimum fee is due each quarter even if no disbursements are made during the quarter. All quarterly fees must be paid before a Chapter 11 plan can be confirmed pursuant to 11 U.S.C. § 1129(a)(12).

Failure to pay the quarterly fees is cause for conversion or dismissal of the case pursuant to 11 U.S.C. § 1112(b)(4)(K). Filing a false report may result in civil liability pursuant to 31 U.S.C. § 3729(a) and criminal penalties pursuant to 18 U.S.C. § 1621.

Done this 14th day of May, 2024.

*/s/ Bess M. Parrish Creswell*

Bess M. Parrish Creswell
United States Bankruptcy Judge

c: Debtor
Richard Scott Williams, Attorney for Debtor
Frederick D. Clarke, Attorney for Debtor
Julie Potts, Attorney for Debtor
Bankruptcy Administrator