IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

In re

EBURY STREET CAPITAL, LLC, et al,

Debtors.[1]

Case No. 24-10499-BPC
Chapter 11
(Jointly Administered)

**ORDER GRANTING MOTION FOR AUTHORIZATION TO PAY PREPETITION WAGES COMPENSATION, AND EMPLOYEE BENEFITS WITH LIMITATIONS**

Debtors filed Chapter 11 petitions on May 13, 2024. With other "First Day Motions," Debtors filed a Motion for Authorization to Pay Prepetition Wages (the "Motion"). (Doc. 12). An expedited hearing was held on May 17, 2024, and continued to May 21, 2024, for Debtors to supplement their filings. Emigrant Business Credit Corporation ("EBCC") filed a response in opposition to the Motion. (Doc. 57).[2] Debtors' initial Motion requested to pay up to $25,000 to five employees for prepetition wages and payroll obligations, and the Amended Supplemental Pleading in Support of Debtors' Motion (the "Supplemental Pleading") amends the request to up to $36,000 for six employees for prepetition wages and payroll obligations (the "Prepetition Obligations"). (Doc. 53). At the continued hearing, Dominique Sinesi ("Ms. Sinesi") from the Civil Division of the United States Department of Justice made an appearance on behalf of the Department of Justice.

---

[1] An Order entered in accordance with Rule 1015(b) of the Bankruptcy Rules directing the joint administration of the following cases: EB 1EMIALA, Ebury Street Capital, LLC, EB 2EMIALA, LLC, Ebury Fund 1, LP, Ebury Fund 2, LP, Red Clover 1, LLC, Ebury RE, LLC, Ebury 1EMI, LLC, Ebury 2EMI, LLC, EB 2EMIMD, LLC, EB 1EMINJ, LLC, EB 1 EMINY, LLC, EB 2EMINY, LLC, Ebury Fund 1 NJ, LLC, RE 1EMI, LLC, RE 2EMI, LLC, Greater Flamingo, LLC, with Ebury Street Capital, LLC, 24-10499 as the lead case. (Docs. 7, 67)

[2] EBCC's objection contends that the Motion seeks to use what may be EBCC's cash collateral without a proposal of adequate protection. (Doc. 57). Debtors dispute the extent of EBCC's interest, if any, in cash collateral. EBCC contends cash "may" be its cash collateral; however, documentation was not provided, and this Court has not held an evidentiary hearing to determine the extent of any interest. *Id*. A request by Debtors to use cash collateral is not currently before the Court, and this ruling does not authorize use of EBCC's cash collateral.

1

While the Motion appears standard at first glance, the underlying facts are not. A Post-Indictment Restraining Order ("Restraining Order") entered against John Hanratty on March 25, 2024, in the United States District Court for the Southern District of New York ("District Court"). As set forth in the petitions for each Debtor and as stated in his Declaration (Doc. 5), Mr. Hanratty is the managing member of all Debtors. At the hearing, Counsel for Debtors explained that all of Debtors' bank accounts were frozen because of the Restraining Order and asked this Court to authorize the respective banks and financial institutions to allow Debtors to honor and pay all pre- and post-petition checks for the Prepetition Obligations.

As an initial hurdle, the parties disagree as to the scope of the Restraining Order. Counsel for Debtors argues the Restraining Order only applies to Mr. Hanratty and does not extend to Debtors. Counsel for EBCC and the Department of Justice disagree with Debtors' interpretation of the Restraining Order. At the hearing, Ms. Sinesi argued that the Restraining Order applies to Debtors because they are all related and share in the same income flow. The Court reviewed the Restraining Order and notes that, at a minimum, the limitations and restrictions placed on Mr. Hanratty extend to two Debtors (Ebury Fund 1 and Ebury Fund 2) because those two Debtors are expressly named in the Restraining Order.

At the hearing, Counsel for Debtors was not able to identify which accounts would be used to pay the Prepetition Obligations. Without more, it is unclear if the accounts from which Debtors intend to pay the Prepetition Obligations are subject to the Restraining Order. This Court recognizes that payment of employee prepetition wages can be imperative to bankruptcy reorganization effort. However, without further clarification on the scope of the Restraining Order and the funds that will be used to pay the Prepetition Obligations, this Court will not authorize

Debtors to access or dissipate funds that are otherwise restricted without further order from the District Court.

Accordingly, upon consideration of the Motion, the arguments of counsel, and the Restraining Order, the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334, venue being proper before the Court pursuant to §§ 1408 and 1409, and finding due and proper notice of the Motion adequate under the circumstances, it is hereby

**ORDERED**, in accordance with 11 U.S.C. §§ 105, 363, and 507, that the Motion is **GRANTED** subject to the limitations as set forth herein; and it is

**ORDERED** that, upon authorization by the District Court, Debtors are authorized to pay the Prepetition Obligations to the extent Debtors have funds on hand to pay the Prepetition Obligations and in a manner consistent with the Debtors' prepetition business practices and policies, as set forth below:

a) Debtors are authorized to pay accrued and unpaid Wage Obligations (as defined in the Motion and Supplemental Pleading);

b) The banks and financial institutions at which Debtors maintain their accounts are authorized to honor all checks issued and fund transfers requested in respect of the Prepetition Obligations to the extent sufficient available funds are on deposit; and

c) Debtors are authorized to issue new post-petition checks and drafts or to effect new fund transfer instructions, to replace any dishonored or rejected pre-petition checks, drafts, or fund transfer requests on account of the Prepetition Obligations; and it is further

3

Case 24-10499    Doc 68    Filed 05/24/24    Entered 05/24/24 13:07:52    Desc Main
Document      Page 3 of 4

**ORDERED** that, upon authorization by the District Court, Debtors are authorized to pay the requested Prepetition Obligations without prejudice to the Debtors' right to seek additional or further relief in the future; and it is further

**ORDERED** that, to the extent any of the Prepetition Obligations are to be paid using any cash collateral of EBCC, further order of this Court is required; and it is further

**ORDERED** that, the relief granted herein shall not constitute or be deemed an assumption or an authorization to assume any of such contracts, policies, plans, programs, practices, and procedures pursuant to § 365.

Done this 24th day of May, 2024.

Bess M. Parrish Creswell
United States Bankruptcy Judge

c: Debtors
Richard Scott Williams, Attorney for Debtors
Frederick D. Clarke, Attorney for Debtors
Julie Potts, Attorney for Debtors
Bankruptcy Administrator
Dominique Sinesi, U.S. Department of Justice
Glenn Glover, Attorney for EBCC
Austin P. Mayron, Attorney for EBCC
All Creditors