IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

In re

EBURY STREET CAPITAL, LLC, et al,

Debtors.[1]

Case No. 24-10499-BPC

Chapter 11

(Jointly Administered)

## ORDER GRANTING MOTION AUTHORIZING USE OF EXISTING BANK ACCOUNTS AND CASH MANAGEMENT SYSTEMS WITH LIMITATIONS

Debtors filed Chapter 11 petitions on May 13, 2024. With other "First Day Motions," Debtors filed a Motion for Order Authorizing Continued Use of Existing Bank Accounts (the "Motion). (Doc. 13). In the Motion, Debtors request an order 1) authorizing Debtors to maintain their existing bank accounts, 2) authorizing Debtors to continue using their centralized cash management system, and 3) allowing Debtors to access their respective bank accounts and make transfers from those bank accounts. An expedited hearing was held on May 17, 2024, and continued to May 21, 2024. Counsel for Emigrant Business Credit Corporation ("EBCC") filed a response in opposition to the Motion. (Doc. 57).[2] At the continued hearing, Dominique Sinesi ("Ms. Sinesi") from the Civil Division of the United States Department of Justice made an appearance on behalf of the Department of Justice.

While the Motion appears standard at first glance, the underlying facts are not. A Post-Indictment Restraining Order ("Restraining Order") entered against John Hanratty ("Mr.

---

[1] An Order entered in accordance with Rule 1015(b) of the Bankruptcy Rules directing the joint administration of the following cases: EB 1EMIALA, Ebury Street Capital, LLC, EB 2EMIALA, LLC, Ebury Fund 1, LP, Ebury Fund 2, LP, Red Clover 1, LLC, Ebury RE, LLC, Ebury 1EMI, LLC, Ebury 2EMI, LLC, EB 2EMIMD, LLC, EB 1EMINJ, LLC, EB 1 EMINY, LLC, EB 2EMINY, LLC, Ebury Fund 1 NJ, LLC, RE 1EMI, LLC, RE 2EMI, LLC, Greater Flamingo, LLC, with Ebury Street Capital, LLC, 24-10499 as the lead case. (Docs. 7, 67).

[2] EBCC's objection contends that the Motion seeks to use what may be EBCC's cash collateral without a proposal of adequate protection. (Doc. 57). Debtors dispute the extent of EBCC's interest, if any, in cash collateral. EBCC contends cash "may" be its cash collateral; however, documentation was not provided, and this Court has not held an evidentiary hearing to determine the extent of any interest. *Id*. A request by Debtors to use cash collateral is not currently before the Court, and this ruling does not authorize use of EBCC's cash collateral.

1

Hanratty") on March 25, 2024, in the United States District Court for the Southern District of New York ("District Court"). As set forth in the petitions for each Debtor and as stated in his Declaration (Doc. 5), Mr. Hanratty is the managing member of all Debtors. At the hearing, Counsel for Debtors explained that all of Debtors' bank accounts were frozen as a result of the Restraining Order.

As an initial hurdle, the parties disagree as to the scope of the Restraining Order. Counsel for Debtors argues the Restraining Order only applies to Mr. Hanratty and does not extend to Debtors. Counsel for EBCC and the Department of Justice disagree with Debtors' interpretation of the Restrainting Order. At the hearing, Ms. Sinesi argued that the Restraining Order applies to Debtors because they are all related and share in the same income flow. The Court reviewed the Restraining Order and notes that, at a minimum, the limitations and restrictions placed on Mr. Hanratty extend to two Debtors (Ebury Fund 1 and Ebury Fund 2) because those two Debtors are expressly named in the Restraining Order.

Accordingly, upon consideration of the Motion, the arguments of counsel, and the Restraining Order, the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334, venue being proper before the Court pursuant to §§ 1408 and 1409, and finding due and proper notice of the Motion adequate under the circumstances, it is hereby

**ORDERED**, in accordance with 11 U.S.C §§ 105 and 363, that the Motion is **GRANTED** subject to the limitations as set forth herein; and it is

**ORDERED** that, upon authorization by the District Court, Debtors are authorized to continue their customary cash management procedures in the ordinary course, provided, however, that Debtors shall maintain records of all transactions within their respective cash management

systems so that all transfers and transactions will be documented in their respective books and records to the same extent such information was maintained by Debtors prior to the commencement of their Chapter 11 cases (the "Petition Date"); and it is further

**ORDERED** that, upon authorization by the District Court, Debtors are authorized to (1) designate, maintain, and continue to use any and all of their respective, existing bank accounts in the names and with the account numbers existing immediately prior to the Petition Date, (2) deposit funds in and withdraw funds from their respective accounts by all usual means including, without limitation, cash, checks, wire transfers, Automated Clearing House transfers ("ACH Transfers"), and other debits, and (3) treat their respective pre-petition bank accounts for all purposes as debtors-in-possession accounts; and it is further

**ORDERED** that, upon authorization by the District Court, the banks and financial institutions at which Debtors' respective bank accounts are maintained (collectively, the "Banks") are authorized to continue to service and administer the applicable bank accounts as accounts of Debtors as debtors-in-possession without interruption and in the usual and ordinary course, and to receive, process and honor and pay any and all checks, drafts, wires, or ACH Transfers drawn on the bank accounts after the Petition Date by the holders or makers thereof, as the case may be; and it is further

**ORDERED** that, upon authorization by the District Court, Debtors may open additional bank accounts, or close any existing bank account(s) as they may deem necessary and appropriate, and the Banks are authorized to honor their respective Debtor's requests to open and close, as the case may be, such bank accounts or additional bank accounts; provided, however, that any new account shall be with a bank that is insured with the Federal Deposit Insurance Corporation or the

3

Federal Savings and Loan Insurance Corporation and that is organized under the laws of the United States or any State herein; and it is further

**ORDERED** that, within two days after opening or closing an account, the responsible Debtor shall give the Bankruptcy Administrator notice of such opening or closing and a copy of the signature card; and it is further

**ORDERED** that any and all accounts opened by Debtors on or after the Petition Date at any Bank shall, for all purposes under this Order, similarly be subject to the rights and obligations of this Order; and it is further

**ORDERED** that, upon authorization by the District Court, Debtors and the Banks are hereby authorized to continue to perform pursuant to the terms of any pre-petition agreements that may exist between them, except and to the extent otherwise directed by the terms of this Order, and Debtors are authorized to pay their respective Banks any fees, expenses or other amounts due in connection with such agreements arising prior to or after the Petition Date. The parties to such agreements shall continue to enjoy the rights and remedies afforded them under such agreements, except to the extent modified by the terms of this Order or by operation of the Bankruptcy Code; and it is further

**ORDERED** that operation of the cash management systems shall not affect any liens on the cash held in the cash management system.

Done this 24th day of May, 2024.

Bess M. Parrish Creswell
United States Bankruptcy Judge

c: Debtors
Richard Scott Williams, Attorney for Debtors

Frederick D. Clarke, Attorney for Debtors
Julie Potts, Attorney for Debtors
Bankruptcy Administrator
Dominique Sinesi, U.S. Department of Justice
Glenn Glover, Attorney for EBCC
Austin P. Mayron, Attorney for EBCC
All Creditors