IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| In re | Case No. 24-10499-BPC |
| EBURY STREET CAPITAL, LLC, et al, | Chapter 11<br>(Jointly Administered) |
| Debtors.[1] | |

ORDER GRANTING AMENDED MOTION TO ESTABLISH PROCEDURES FOR DETERMINING ADEQUATE ASSURANCE OF PAYMENT FOR UTILITY SERVICES WITH LIMITATIONS

Debtors filed Chapter 11 petitions on May 13, 2024. With other "First Day Motions," Debtors filed an Amended Motion to Establish Procedures for Determining Adequate Assurance of Payment for Utility Services (the "Motion"). (Doc. 19). In the Motion, Debtors request authorization from this Court to establish procedures for determining adequate assurance of payment for utilities services. An expedited hearing was held on the Motion on May 17, 2024, and continued to May 21, 2024. Emigrant Business Credit Corporation ("EBCC") filed a response in opposition to the Motion. (Doc. 57).[2] At the continued hearing, Dominique Sinesi ("Ms. Sinesi") from the Civil Division of the Department of Justice made an appearance on behalf of the Department of Justice.

---

[1] An Order entered in accordance with Rule 1015(b) of the Bankruptcy Rules directing the joint administration of the following cases: EB 1EMIALA, Ebury Street Capital, LLC, EB 2EMIALA, LLC, Ebury Fund 1, LP, Ebury Fund 2, LP, Red Clover 1, LLC, Ebury RE, LLC, Ebury 1EMI, LLC, Ebury 2EMI, LLC, EB 2EMIMD, LLC, EB 1EMINJ, LLC, EB 1 EMINY, LLC, EB 2EMINY, LLC, Ebury Fund 1 NJ, LLC, RE 1EMI, LLC, RE 2EMI, LLC, Greater Flamingo, LLC, with Ebury Street Capital, LLC, 24-10499 as the lead case. (Docs. 7, 67).

[2] EBCC's objection contends that the Motion seeks to use what may be EBCC's cash collateral without a proposal of adequate protection. (Doc. 57). Debtors dispute the extent of EBCC's interest, if any, in cash collateral. EBCC contends cash "may" be its cash collateral; however, documentation was not provided, and this Court has not held an evidentiary hearing to determine the extent of any interest. *Id*. A request by Debtors to use cash collateral is not currently before the Court, and this ruling does not authorize use of EBCC's cash collateral.

1

While the Motion appears standard at first glance, the underlying facts are not. A Post-Indictment Restraining Order ("Restraining Order") entered against John Hanratty ("Mr. Hanratty") on March 25, 2024, in the United States District Court for the Southern District of New York ("District Court"). As set forth in the petition for each Debtor and as stated in his Declaration (Doc. 5), Mr. Hanratty is the managing member of all Debtors. At the hearing, Counsel for Debtors explained that all of Debtors' bank accounts were frozen because of the Restraining Order.

As an initial hurdle, the parties disagree as to the scope of the Restraining Order. Counsel for Debtors argues the Restraining Order only applies to Mr. Hanratty and does not extend to the Debtors. Counsel for EBCC and the Department of Justice disagree with Debtors' interpretation of the Restraining Order. Ms. Sinesi argued that the Restraining Order applies to Debtors because they are all related and share in the same income flow. The Court reviewed the Restraining Order and notes that, at a minimum, the limitations and restrictions placed on Mr. Hanratty extend to two Debtors (Ebury Fund 1 and Ebury Fund 2) because those two Debtors are expressly named in the Restraining Order.

The Court recognizes Debtors' need to maintain without interruption utility services for its business operations. Debtors have set forth a consolidated list of twenty-three utility providers in Exhibit A to the Motion and notes that this may not be an exhaustive list of providers. Given the number of providers and impact an interruption of services could have on Debtors' operations, a procedure to facilitate the process of the Court's determination of adequate assurance under 11 U.S.C. § 366 and to maintain the *status quo* pending such determination is reasonable and necessary.

Accordingly, upon consideration of the Motion, the arguments of counsel, and the Restraining Order, the Court having jurisdiction to consider the Motion and the relief requested

2

therein in accordance with 28 U.S.C. §§ 157 and 1334, venue being proper before the Court pursuant to §§ 1408 and 1409, and finding due and proper notice of the Motion adequate under the circumstances, it is hereby

**ORDERED**, in accordance with 11 U.S.C, §§ 105, 366, and 503(b), that the Motion is **GRANTED** subject to the limitations as set forth herein; and it is

**ORDERED** that, the Adequate Assurance Determination Procedures are hereby approved as follows:

a. Any Utility (as defined in the Motion) may request assurance of payment, provided such request is in writing and delivered to Debtors' counsel within twenty (20) days of entry of this Order approving the Motion. Any such request shall specify the amount and nature of assurance of payment that would be satisfactory to the utility and must set forth a list of any deposit or other security currently being held by the Utility;

b. The Debtor and Utility shall negotiate in good faith regarding the assurance of payment to be furnished to such Utility and may enter into agreements for adequate assurance without further order of this Court;

c. If a Debtor and Utility making a timely request for assurance of payment as set forth herein cannot agree on assurance of payment, the Utility may request a hearing for determination of adequate assurance of payment (a "Determination Hearing"), provided the Utility shall be enjoined from discontinuing, altering, or refusing services to the Debtor pending resolution of any such Determination Hearing;

d. Any Utility that does not timely request assurance of payment as set forth herein, conclusively shall be deemed to have received adequate assurance of payment for future

service under § 366 and shall be prohibited from discontinuing, altering, or refusing service to the Debtor; and

e. Pending further order of the Court and subject to the conditions set forth herein, regardless of whether a Utility files a request of assurance of payment as set forth herein, the Debtor shall pay on a timely basis, in accordance with pre-petition practices, all undisputed invoices with respect to post- petition utility services rendered by any Utility within the meaning of § 366; and it is further

**ORDERED** that Debtors are authorized, to amend Exhibit A to add or delete any entity, and this Order shall apply to any such entity that is subsequently added to Exhibit A to the Motion. For a Utility that is subsequently added to Exhibit A, Debtors shall serve a copy of the Motion and this Order on such Utility, along with amended Exhibit A and such subsequently added entities shall have twenty (20) days from service of the notice to file an objection with the Court and serve such objection on counsel to the Debtors so as to be received by such date. If an objection is not properly filed and served, the entity will be deemed removed from Exhibit A and will not be treated as a Utility for purposes of this Order. In the event an objection is properly filed and served, the Court shall schedule a hearing to consider the entity's removal and objection thereto. Pending resolution of the objection, the entity shall continue to be treated as a Utility for purposes of this Order; and it is further

**ORDERED** that Debtors are authorized, but not directed to pay on a timely basis in accordance with its pre-petition practices all undisputed invoices in respect of post-petition services rendered by the Utility to Debtors, subject to those conditions set forth herein; and it is further

**ORDERED** that nothing in this Order or the Motion shall be deemed to constitute post-petition assumption or adoption of any contract, lease or agreement under § 365; and it is further

**ORDERED** that this Order shall not be deemed as authorization for Debtors to make payments and/or transfers from any bank accounts or assets subject to the Restraining Order absent further order from the District Court.

Done this 24th day of May, 2024.

*Bess M. Parrish Creswell* (signature)

Bess M. Parrish Creswell
United States Bankruptcy Judge

c:    Debtors
Richard Scott Williams, Attorney for Debtors
Frederick D. Clarke, Attorney for Debtors
Julie Potts, Attorney for Debtors
Bankruptcy Administrator
Dominique Sinesi, U.S. Department of Justice
Glenn Glover, Attorney for EBCC
Austin P. Mayron, Attorney for EBCC
All Creditors