# UNITED STATES BANKRUPTCY COURT
# MIDDLE DISTRICT OF ALABAMA

IN RE:

| | |
|---|---|
| **EBURY STREET CAPITAL, LLC, et. al,** | **CHAPTER 11** |
| **DEBTOR.** | **CASE NO. 24-10499** |

**PURSUANT TO M.D. ALA., LBR 1017-2, THIS CASE MAY BE DISMISSED WITHOUT FURTHER NOTICE OR HEARING UNLESS A RESPONSE IS FILED BY A PARTY IN INTEREST WITHIN TWENTY-ONE (21) DAYS OF THE DATE OF SERVICE. RESPONSES MUST BE SERVED UPON THE MOVING PARTY AND, IN THE MANNER DIRECTED BY M.D. ALA., LBR 5005-4, FILED WITH THE CLERK ELECTRONICALLY OR BY U.S. MAIL ADDRESSED AS FOLLOWS: CLERK'S OFFICE, U.S. BANKRUPTCY COURT, ONE CHURCH STREET, MONTGOMERY, AL 36104.**

## BANKRUPTCY ADMINISTRATOR'S MOTION TO DISMISS

Comes now, Britt B. Griggs, attorney for the Bankruptcy Administrator for this district, and moves for the dismissal of the above referenced case pursuant to 11 U.S.C. § 1112(b), and in support thereof would show this Court as follows:

1.	The above referenced debtor filed a petition for relief pursuant to Chapter 11, Title 11, United States Code on May 13, 2024 (Doc. 1).

2.	Ebury Street Capital, LLC is the holding company for a series of affiliated companies that primarily operate in the real estate business. The holding company and sixteen (16) affiliated companies filed a petition for relief pursuant to Chapter 11. The cases are being jointly administered under the above-referenced case number (Doc. 7).

3.	On May 14, 2024, the clerk entered a Notice of Dismissal (Doc. 15). The Notice was based on several deficiencies, one of which was the failure to file Schedules. Pursuant to Bankruptcy Rule 1007(b) and (c), a debtor is required to file Schedules within fourteen (14) days

of the petition date. In this case, the deadline for filing Schedules was May 28, 2024. The debtor has filed the following motions for extension of time:

- On May 15, 2024, the debtor filed a Motion for Extension of Time requesting a fifteen (15) day extension of the deadline to file Schedules (Doc. 22). On May 17, 2024, the motion was granted. The deadline to file Schedules, Lists and Statements was extended to June 11, 2024 (Doc. 38).

- On June 10, 2024, the debtor filed a second Motion for Extension of Time requesting an additional seven (7) days to file Schedules (Doc. 98). On June 11, 2024, the motion was granted. The deadline to file Schedules, Lists and Statements was extended to June 18, 2024 (Doc. 100).

- On June 20, 2024, the debtor filed a third Motion for Extension of Time requesting an extension to July 12, 2024 (Doc. 105). On June 21, 2024, the motion was granted. The order provided that all pending deadlines would be stayed until July 12, 2024 (Doc. 106).

- On July 8, 2024, the debtor filed a Supplemental Response in Support of Stay asking for a further unspecified extension of time for all deadlines (Doc. 137). On July 11, 2024, the motion was granted. The deadline to file Schedules, Lists, Statements, and any other deficient filing was extended to August 2, 2024 (Doc. 139).

4. On May 14, 2024, the Chapter 11 Operating Order entered (Doc. 20).

5. The Chapter 11 Operating Order requires that within ninety (90) days of the entry of the order, the debtor provide the Bankruptcy Administrator with all tax returns that were

2

delinquent as of the petition date. The Bankruptcy Administrator does not believe that the debtor is current with the filing of all tax returns. The debtor has not provided the Bankruptcy Administrator with any tax returns. The deadline to provide the tax returns expired on August 12, 2024.

6. The Chapter 11 Operating Order requires that the debtor maintain adequate insurance. Within ten (10) days of the petition date, the debtor is required to provide the Bankruptcy Administrator with proof of insurance coverage on all property of the estate. The deadline to provide proof of insurance expired on May 23, 2024. The Bankruptcy Administrator has been advised the debtor does not have insurance coverage on any of its property, real or personal and, further, that the debtor is not able to obtain insurance coverage due to its inability to access funds to pay the premiums.

7. The first monthly operating report covering the period of May 13, 2024, through May 31, 2024, was due on June 21, 2024. Monthly operating reports for May (Doc. 162), June (Doc. 163) and July (Doc. 164) were not filed until August 30, 2024. No monthly operating report has been filed for August 2024, which was due September 21st.

8. On May 20, 2024, the Notice of Commencement entered setting the § 341 Meeting of Creditors for June 24, 2024 (Doc. 51). As of June 24, 2024, the deadline to file Schedules had been extended to July 12, 2024. As a result of the extension, the Bankruptcy Administrator continued the § 341 Meeting of Creditors to July 22, 2024 (Doc. 110). As of July 22, 2024, the deadline to file Schedules had been extended to August 2, 2024. As a result of the extension, the Bankruptcy Administrator continued the § 341 Meeting of Creditors to August 19, 2024 (Doc. 143).

3

9. On August 2, 2024, the debtor filed a consolidated set of Schedules and Statement of Financial Affairs (Doc. 149, 150). At the status hearing on August 6, 2024, this Court requested that debtor's counsel amend and file separate schedules for each debtor. Amended Schedules were filed on August 13, 2024 (Doc. 157).

10. The Bankruptcy Administrator conducted the § 341 Meeting of Creditors on August 19, 2024. The debtor was questioned to the extent possible, but both the principal of the debtor and debtor's counsel admitted the schedules contained inaccuracies and needed amending but would not provide a date as to when the amendments would be filed.

11. To give creditors an opportunity to question the debtor on the amended schedules, once filed, the Bankruptcy Administrator continued the § 341 Meeting of Creditors to September 23, 2024 (Doc. 160). Counsel for the debtor appeared at the meeting and advised parties that the debtor was not able to attend because of a family medical emergency. At that time, amended schedules had not been filed. Due to the debtor's failure to appear and the lack of amended schedules, the Bankruptcy Administrator continued the § 341 Meeting of Creditors to October 8, 2024 (Doc. 170).

12. A plan and disclosure statement were due on September 10, 2024. On September 11, 2024, the debtor filed a Motion to Extend Time to File Plan and Disclosure Statement and to Extend Exclusivity Period (Doc. 167). The debtor asked for an extension of 120 days. Objections to the motion were filed by EYZC Investment Holdings, LLC (Doc. 171) and Emigrant Business Credit Corporation (Doc. 172). A hearing was held on October 1, 2024 (Doc. 168), which was continued to October 29, 2024 (Doc. 173).

## Section 1112(b)

13. Pursuant to 11 U.S.C. § 1112(b)(1), on request of a party in interest, the Court shall convert a case to a case under chapter 7 or dismiss a case under this chapter, whichever is in the best interests of creditors and the estate, for cause unless the court determines that the appointment under section 1104(a) of a trustee or an examiner is in the best interest of creditors and the estate. There are two elements that must be satisfied. First the movant must prove "cause" in support of conversion or dismissal. Second, the movant must show that the specific relief sought is in the "best interests of creditors and the estate."

## Cause Exists Pursuant to § 1112(b)(4)

14. Section 1112(b)(4) includes a non-exhaustive list of sixteen different elements which constitute "cause." The Bankruptcy Administrator believes that, at a minimum, for the reasons listed below "cause" exists.

## Failure to Timely File Monthly Operating Reports

15. "Cause" includes the "failure to comply with an order of the court" as well as the "unexcused failure to satisfy timely any filing or reporting requirement established by this title or by any rule applicable to a case under this chapter." 11 U.S.C. § 1112(b)(4)(E) & (F), respectively.

16. The Chapter 11 Operating Order together with 11 U.S.C §§ 704(a)(8), 1106(a)(1), 1107(a) and Federal Rule of Bankruptcy Procedure 2015 requires the debtor to file monthly operating reports. Monthly operating reports are due on the twenty-first day of each month.

21. As noted above, the debtor has not timely filed a single monthly operating report. The May, June, and July reports were all filed on August 30, 2024. Additionally, the debtor

incorrectly used Official Form 425C, Monthly Operating Report for Small Business Under Chapter 11. The Bankruptcy Administrator requested that the reports be amended. To date, amended reports have not been filed and the August report is delinquent.

22. "Courts have long recognized that one of consequence of the failure to file reports... may be dismissal or conversion." *Babakitis v. Robino (In re Robino)*, 243 B.R. 472, 485 (Bankr. N.D. Ala. 1999) (citing *In re Brauer*, 80 B.R. 903 (N.D. Ill. 1987) (failure to file reports was cause to dismiss cause); *In re Cloisters of Brevard, Inc.*, 117 B.R. 722 (Bankr. M.D. Fla. 1990) (cause to convert existed because debtor failed to file reports and disbursed funds without court approval)).

23. In this case, while most of the reports have been filed, none have been timely and as of this filing, one report remains due.

24. Courts have recognized that the untimely filing or reports can constitute cause under section 1112(b). *In re Crosby*, 93 B.R. 798 (Bankr. S.D. Ga. 1998) (court declined to dismiss but noted authority to find cause and dismiss where debtor did not file monthly operating reports until the morning of a hearing on the failure to file the reports).

25. By failing to timely file the required reports, the debtor has left the Court, the Bankruptcy Administrator, and parties without the ability to monitor post-petition activities and ensure compliance with the Bankruptcy Code.

### **Failure to Pay Quarterly Fees**

26. "Cause" includes the "failure to pay any fees or charges required under chapter 123 of title 28." 11 U.S.C. § 1112(b)(4)(K).

27. All standard chapter 11 cases are subject to a quarterly fee pursuant to 28

6

U.S.C. § 1930(a)(6)(B), until the case is closed, converted, or dismissed. Pursuant to Federal Rule of Bankruptcy Procedure 2015(a)(5), the debtor is required to file a statement of any disbursements made during the quarter and of any fees payable under 28 U.S.C. § 1930(a)(6)(B).

28. The quarterly fee statement and associated quarterly fee for the 2nd quarter ending June 30, 2024, was due on July 31, 2024. The debtor failed to file a quarterly fee statement or pay the quarterly fee owed.

29. The quarterly fee statement and associated quarterly fee for the 3rd quarter ending September 30, 2024, is due no later than October 31, 2024.

30. The debtor's failure to pay the quarterly fee is cause for dismissal pursuant to 11 U.S.C § 1112(b)(4)(K).

## **Failure to Maintain Insurance**

31. "Cause" includes the "failure to maintain appropriate insurance that poses a risk to the estate or to the public." 11 U.S.C. § 1112(b)(4)(C).

32. As noted above, the Bankruptcy Administrator has been advised the debtor does not have insurance coverage on any of its property and that the debtor is not able to obtain insurance coverage due to its inability to access funds to pay the premiums.

33. The debtor's failure to maintain appropriate insurance and failure to comply with the Chapter 11 Operating Order constitutes cause for dismissal pursuant to 11 U.S.C § 1112(b)(4)(C) and § 1112(b)(4)(E).

34. The debtor's continued delays and inability to timely file complete and accurate schedules, monthly operating reports, a plan and disclosure statement, quarterly fee reports,

7

pay quarterly fees, and obtain insurance is evidence of a diminution of the estate and an absence of a reasonable likelihood of rehabilitation. Substantial or continuing loss to or diminution of the estate and the absence of a reasonable likelihood of a reasonable likelihood of rehabilitation is cause for dismissal pursuant to 11 U.S.C § 1112(b)(4)(A).

35. Based on all the above, the Bankruptcy Administrator avers cause exists.

### The Best Interest of the Creditors & Estate Test Supports Dismissal

36. If the Court finds cause exists, the Court "shall convert a case to a case under chapter 7 or dismiss a case under this chapter, whichever is in the best interests of creditors and the estate." 11 U.S.C. § 1112(b).

37. The Bankruptcy Code does not define the "best interest" test. However, courts have looked to multiple factors to determine whether conversion or dismissal better serves the interests of creditors. Courts have considered the following factors: (1) whether some creditors received preferential payments and whether equality of distribution would be better served by conversion rather than dismissal, (2) whether there would be a loss of rights granted if the case were dismissed rather than converted, (3) whether the debtor would simply file a further case upon dismissal, (4) the ability of a chapter 7 trustee to reach assets for the benefit of creditors, (5) whether conversion or dismissal would maximize the estate's value, (6) whether any remaining issues would be better resolved outside the bankruptcy forum, (7) whether the estate consists of a single asset, (8) whether the debtor had engaged in misconduct and whether creditors need chapter 7 to protect their interests, (9) whether a plan has been confirmed and whether any property remains to be administered, and (10) whether appointment of a trustee is desirable to supervise the estate and address any possible

8

environmental concerns. *In re BH S&B Holdings, LLC*, 439 B.R. 342, 346-7 (Bankr. S.D. N.Y. 2010).

38. The Bankruptcy Administrator asserts that a review of the above factors weighs in favor of dismissal rather than conversion. The schedules indicate that some payments were made to creditors within 90 days. However, the Bankruptcy Administrator does not believe that there would be a loss of rights if the case were dismissed or that the debtor would file a new chapter 7 case. There is pending litigation in New York and creditor issues that would be best resolved outside of the bankruptcy forum. It is the Bankruptcy Administrator's understanding that the debtor's intent was to file a plan of liquidation and not to reorganize.

39. Further, the debtor and counsel have acknowledged that the schedules are not accurate and need significant amendments. Therefore, the Bankruptcy Administrator cannot produce an accurate liquidation analysis. However, as filed, the schedules do not appear to indicate that unsecured creditors would receive a distribution if the case was converted to Chapter 7. The flow of information from the debtor to the Bankruptcy Administrator and creditors has been virtually non-existent. The Bankruptcy Administrator believes that a Chapter 7 trustee would encounter the same lack of information and would similarly be hamstrung by the order(s) entered in other pending litigation in New York, all of which would make administration of the estate difficult, at best, if not impossible.

40. The Bankruptcy Administrator asserts that given these facts and the case history that dismissal is in the "best interest of creditors and the estate."

**Appointment of a Trustee Not in the Best Interests of Creditors or the Estate**

39. Pursuant to 11 U.S.C. § 1112(b)(1), the court shall convert a case to chapter

9

7 or dismiss the case for cause unless the court determines that the appointment under section 1104(a) of a trustee or an examiner is in the best interests of creditors and the estate.

40. Factors courts have considered in determining whether a trustee should be appointed are: (1) the trustworthiness of the debtor, (2) the debtor's past performance or prospects for rehabilitation, (3) the confidence, or lack thereof, in present management and (4) the benefits derived the appointment of a trustee balanced against the cost of the appointment. *In re Ionosphere Clubs, Inc*., 113 B.R. 164, 168 (Bankr. S.D. N.Y. 1990).

41. The Bankruptcy Administrator asserts that a review of these facts weighs against appointment of a trustee. The appointment of a trustee would be futile. The debtor is not operating. It has furloughed all its employees. It has no access to funds to pay employees, expenses or fund the day-to-day operations of the business. There is no operating entity for a trustee to manage or oversee.

WHEREFORE, for the reasons referenced above, the Bankruptcy Administrator requests that the Court enter an order dismissing this case pursuant to 11 U.S.C. § 1112(b).

/s/ Britt B. Griggs
Bankruptcy Attorney
ASB 1270-G50B

United States Bankruptcy Administrator
Middle District of Alabama
One Church Street
Montgomery, AL 36104
Phone:(334) 954-3908.
Britt_Griggs@almba.uscourts.gov

## CERTIFICATE OF SERVICE

      I, the undersigned, hereby certify that I have served copies of the foregoing Bankruptcy Administrator's Motion to Dismiss on the parties listed below by either electronic mail or by placing same in the United States Mail, postage prepaid and properly addressed on October 7, 2024.

                                                      /s/Britt B. Griggs
                                                      Britt B. Griggs

<u>Via U.S.P.S. First-Class Mail, postage prepaid:</u>
Ebury Street Capital, LLC
644 Fernandez Junco Avenue
San Juan, PR 00907

Jordan Lebovitz
Counsel for Deborah King
Nurenberg, Paris, Heller & McCarthy Co.
600 Superior Avenue East, Suite 1200
Cleveland, OH 44114

Prince George's County, Maryland
c/o Meyers, Rodbell & Rosenbaum, P.A.
6801 Kenilworth Ave., Ste. 400
Riverdale Park, MD 20737

Austin P. Mayron and Alexander J. Willscher
Counsel for Emigrant Business Credit Corporation
Sullivan & Cromwell LLP
125 Broad Street
New York, NY 10004-2498

<u>By Electronic Mail, via CM/ECF:</u>
James Robert Arnett, II on behalf of Creditor EYZC Investment Holdings, LLC
barnett@carterarnett.com

James B. Bailey on behalf of Creditor Emigrant Business Credit Corporation
jbailey@bradley.com, kkirsch@bradley.com

Amanda Beckett on behalf of Creditor BSI Financial Services
abeckett@rlselaw.com

Leigh Carr on behalf of Creditor EYAC Investment Holdings, LLC
noticesmd@chambless-math.com

Frederick D. Clarke on behalf of Debtor Ebury Street Capital, LLC, et. al
fclarke@rumberger.com

Mark B. Conlan on behalf of Creditor PacWest Funding Inc., dba Precision Capital
mconlan@gibbonslaw.com

Glenn Edward Glover on behalf of Creditor Emigrant Business Credit Corporation
gglover@bradley.com, kpbarnes@bradley.com

Brian K Jordan on behalf of Creditor Community Loan Servicing, LLC
bkecfinbox@aldridgepite.com

Jordan D. Lebovitz on behalf of Creditor Deborah King
jordanlebovitz@nphm.com

Brenton K Morris on behalf of Creditor BCMG International, LLC et. al
bmorris@bcattys.com, ccoley@bcattys.com

Julie Potts on behalf of Debtor Ebury Street Capital, LLC
jpotts@rumberger.com, bchandler@rumberger.com

Zachary Prendergast on behalf of Creditor U.S. Bank National Association, As Trustee for Velocity Commercial Capital Loan Trust 2021-2
zprendergast@rkpt.com, court@rkpt.com

Dominique Sinesi on behalf of Interested Party United States
dominique.sinesi@usdoj.gov

Hugh Andrew Smith on behalf of Creditor Velocity Commercial Capital, LLC
hsmith@mtglaw.com, ecfnotifications@mtglaw.com

Frank Hilton-Green Tomlinson on behalf of Creditor Greymorr, LLC
hilton@tomlawllc.com, hilton.tomlinson@gmail.com

Richard Scott Williams on behalf of Debtor Ebury Street Capital, LLC, et. al
swilliams@rumberger.com, bchandler@rumberger.com

12

Case 24-10499   Doc 176   Filed 10/07/24   Entered 10/07/24 09:56:21   Desc Main
Document    Page 12 of 12